CHAPIN CORPORATION *vs.* ARTHUR C. METZGER & another.[1]  March 7, 1984.  *Practice, Civil,* Bond, Appeal.

The defendants appeal from an order of a single justice of this court denying relief under G. L. c. 211, § 3.  The relief sought was a stay of proceedings under an execution for possession and money damages which issued from a District Court.  There is no error.

After purchasing property (defendants' home) from the mortgagee which had foreclosed on a mortgage given by the defendants, the plaintiff commenced an action of summary process against the defendants and recovered judgment against them for possession and was awarded damages in the amount of $8,000.  The defendants filed a notice of appeal to the Superior Court and claimed a jury trial.  The District Court judge, after a hearing, required the defendants to file a bond in the amount of $8,000 as a condition of the appeal.  They argued financial inability to comply with the bond requirement.  See G. L. c. 239, § 5.  The defendants' motion for waiver of the bond was denied.

The defendants filed a motion for review of the denial of the bond waiver in the Superior Court which was denied because of lack of jurisdiction.  A single justice of the Appeals Court, however, ordered review in the Superior Court on the merits of the waiver of the bond.  A second judge in the Superior Court denied the motion for waiver and there ensued a new appeal to the Appeals Court wherein the defendants reasserted their alleged financial incapacity and protested the denial of their right to a jury trial.  At this juncture, the defendants seem to have shifted gears from proceeding under G. L. c. 239, § 5,[2] the appeal bond provision pertaining to actions of summary process, to the provisons of G. L. c. 261, §§ 27A-27D, which comprehend, in general, court costs of indigent persons.  In a carefully drafted memorandum and order, the single justice of the Appeals Court dismissed the defendants' appeal on the ground that G. L. c. 261, §§ 27A-27D, have no application to actions of summary process.  From this order the defendants pursuant to G. L. c. 211, § 3, sought a stay of dismissal pending resolution of their request for a jury trial.  Returning to their original position, the defendants argued the constitutional deficiency of G. L. c. 239, § 5, before the single justice of this court.  The single justice denied their request for relief.  There is no error.

This is not a case which calls for the invocation of our extraordinary powers under G. L. c. 211, § 3.  Early in the proceedings, the defendants had the opportunity to demonstrate to the District Court judge that they

---

[1] Dorothy A. Metzger.  Throughout the record, the defendants, husband and wife, filed separate motions and separate appeals.  For the sake of simplicity, we treat them as one appeal.

[2] It is unclear whether the defendants are asserting rights under G. L. c. 239, § 5, or G. L. c. 239, § 6, which encompasses the giving of a bond in an action for possession after foreclosure.  The differences between the statutes are not here material.

were financially unable to file a bond. See G. L. c. 239, § 5. They failed to do so. Therefore, we are not compelled to decide whether G. L. c. 239, § 5, applies to the exclusion of G. L. c. 261, §§ 27A-27D, because all these statutes require a showing of financial distress. There is no merit to the defendants' claim that they have been denied a right to a jury trial. See *Damaskos* v. *Board of Appeal of Boston,* 359 Mass. 55, 59-60 (1971). The order of the single justice denying a stay of proceedings under the execution of the District Court is affirmed.

*So ordered.*

The case was submitted on briefs.
*Edward J. Collins* for the defendants.
*Murray P. Reiser* for the plaintiff.